[Cite as *In re Jones*, 2012-Ohio-4845.]



# Court of Claims of Ohio
## Victims of Crime Division

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

IN RE: ROY K. JONES

ROY K. JONES

       Applicant

Case No. V2011-60590

Commissioners:
Necol Russell-Washington, Presiding
William L. Byers IV
Susan G. Sheridan

ORDER OF A THREE-COMMISSIONER PANEL

{¶1} On February 12, 2001, the applicant, Roy Jones, was a victim of criminally injurious conduct. The Attorney General has granted the applicant awards of reparations totaling $17,747.20. The last award granted was decided by the Attorney General on January 22, 2003.

{¶2} On March 14, 2011, the applicant filed a supplemental compensation application seeking an additional award for recently incurred allowable expenses. On March 22, 2011, the Attorney General issued a finding of fact and decision for the supplemental compensation application denying the applicant's claim since he failed to timely file the supplemental compensation application pursuant to R.C. 2743.68. R.C. 2743.68 requires an applicant to submit a supplemental compensation application within five years from the date of the last decision rendered by the Attorney General, a panel of commissioners or a judge of the Court of Claims. In the case at bar the last decision of the Attorney General was rendered on January 22, 2003, and the supplemental compensation application was not filed until March 14, 2011, over eight years later. Accordingly, applicant's claim was denied.

{¶3} On April 11, 2011, applicant submitted a request for reconsideration. On June 13, 2011, the Attorney General rendered a Final Decision finding no reason to modify the initial decision. On June 22, 2011, the applicant filed a notice of appeal from the June 13, 2011 Final Decision of the Attorney General. Hence, a hearing was held before this panel of commissioners on June 6, 2012 at 10:45 a.m.

{¶4} The applicant, Roy Jones and his attorney, Kevin Sanislo, appeared at the hearing, while Assistant Attorney General Lauren Angell represented the state of Ohio.

{¶5} The only issue presented on appeal was whether the panel has the ability to exercise equitable powers to toll the statute of limitations contained in R.C. 2743.68 and reach the merits of the applicant's case. The applicant believes the panel possesses such powers while the Attorney General disagrees.

{¶6} Roy Jones took the witness stand. The applicant summarized the criminal conduct and the subsequent medical treatment and problems he experienced. Mr. Jones testified from April, 2001 until February, 2011, he was working steadily in his chosen profession of masonry. Mr. Jones related on February 12, 2011, while at work and attempting to pick up a cinder block his "whole left side gave out on him," which resulted in the brick falling a great distance to the ground. Luckily no one was under him so no one was hurt. At that time his employer informed him that he needed to consult a medical professional to determine the cause of his weakness. After consultation with Drs. Goel and Hachwi he was prescribed medication and began a course of occupational and physical therapy. Mr. Jones stated he has not returned to work since February 12, 2011, because his employer has reservations concerning his physical capabilities. Finally, applicant asserts the brain injury he incurred at the time of the criminally injurious conduct is an ongoing problem, one he may have to deal with for the rest of his life. Applicant did not file a supplemental compensation application until his problems became serious. Whereupon, the testimony of Mr. Jones was concluded.

{¶7} In closing, the applicant states that the evidence has shown that all of Mr. Jones' problems emanated from the injuries sustained at the time of the criminally injurious

conduct. Due to the nature of the injuries, brain trauma, the applicant filed the supplemental compensation application when additional problems related to the injuries arose.

{¶8} The Attorney General did not dispute applicant's testimony. However, the Attorney General asserted that the panel lacks equitable power and equitable power rests only with a judge of the Court of Claims. The Attorney General conceded that the applicant has presented sufficient evidence in the case file and at the hearing to allow a judge of the Court of Claims to review that evidence and come to a determination whether equity should be exercised to toll the statute of limitations contained in R.C. 2743.68. However, since the panel does not have equitable power the Attorney General's Final Decision should be affirmed. Whereupon, the hearing was concluded.

{¶9} R.C. 2743.68 states:

a. "A claimant may file a supplemental reparations application in a claim if the attorney general, a court of claims panel of commissioners, or judge of the court of claims, within five years prior to the filing of the supplemental application, has made any of the following determinations:

b. "(A) That an award, supplemental award, or installment award be granted;

c. "(B) That an award, supplemental award, or installment award be conditioned or denied because of actual or potential recovery from a collateral source;

d. "(C) That an award, supplemental award, or installment award be denied because the claimant had not incurred any economic loss at that time."

{¶10} R.C. 2743.03(A)(1) in pertinent part states:

a. "(A)(1) There is hereby created a court of claims. The court of claims is a court of record and has exclusive, original jurisdiction of all civil actions against the state permitted by the waiver of immunity contained in

section 2743.02 of the Revised Code, exclusive jurisdiction of the causes of action of all parties in civil actions that are removed to the court of claims, and jurisdiction to hear appeals from the decisions of the court of claims commissioners. The court shall have full equity powers in all actions within its jurisdiction. . ."

{¶11} R.C. 2743.54(A) in pertinent part states:

a.      "(A) The supreme court shall appoint at least three court of claims commissioners to hear and determine all matters relating to appeals from decisions of the attorney general pursuant to sections 2743.51 to 2743.72 of the Revised Code."

{¶12} R.C. 2743.53(A) states:

a.      "(A) A court of claims panel of commissioners shall hear and determine all matters relating to appeals from decisions of the attorney general pursuant to sections 2743.51 to 2743.72 of the Revised Code."

{¶13} R.C. 2743.61(B) in pertinent part states:

a.      "If upon hearing and consideration of the record and evidence, the court of claims panel of commissioners decides that the decision of the attorney general appealed from is reasonable and lawful, it shall affirm the same. If the court of claims panel of commissioners decides that the decision of the attorney general is not supported by a preponderance of the evidence or is unreasonable or unlawful, it shall reverse and vacate the decision or modify it and enter judgment thereon."

{¶14} A panel of commissioners has stated: "the power of decision on equitable grounds, *** resides only in the judges of the court [of claims] and not in a single commissioner or a panel of commissioners. Our conclusion in this regard is grounded upon both practical and legal considerations, as follows:

a.      "***It is clear [from a reading of R.C. 2743.03(A)] that the 'court' in the persons of its judges is a separate and distinct entity from the body of Court of Claims

b.      Commissioners acting singly or as a panel.  It is equally obvious that only the court in the persons of its judges is vouchsafed equity powers.

c.      "***the commissioners constitute a collective statutory infrastructure of the Court of Claims under the [Victims of Crime] Act, but are not the 'court' in the same sense as the judges thereof.

d.      "***By law, judges of the Court of Claims are granted the equity jurisdiction***The jurisdiction of commissioners is legislatively confined in R.C. 2743.52(A) to 'jurisdiction to make awards for reparations for economic loss arising from criminally injurious conduct, if satisfied***that the requirements for an award of reparations have been met.'  Equity powers could hardly be implied from this language.

e.      "In summary***it is our opinion that, if departures from the explicit provisions of the [Victims of Crime] Act are to be initiated on equitable grounds, it is the prerogative of the judges of this court and not that of commissioners."

{¶15} *In re Gaines*, 63 Ohio Misc. 2d 173, 620 N.E. 2d 295 (Ct. Of Cl. 1993).

{¶16} A panel of commissioners has tolled the statute of limitations pursuant to R.C. 2743.68 based upon an applicant's pain, persistent medical problems, post traumatic stress disorder, short-term memory loss, by the exercise of its "equitable powers."  *In re Preston*, V2006-21140tc (8-3-07).  While a judge of the Court of Claims affirmed the decision of the three commissioner panel he expressed "reservations regarding the panel's reference to its exercise of 'equitable powers'".  *In re Preston*, V2006-21140jud (12-4-07).

**{¶17}** However, a panel has also denied an applicant's claim when the supplemental application was filed over six years after the statute of limitations contained in R.C. 2743.68 had run, based upon insufficient medical evidence. *In re Davis*, V2008-30375tc (9-5-08) aff'd jud (1-9-09). *In re Taylor*, V2011-60646 (8-5-11).

**{¶18}** From review of the claim file and upon full and careful consideration given to the arguments of the parties, we find the Attorney General's Final Decision should be affirmed. We believe this panel does not have the statutory authority to exercise equitable powers in this situation. However, a judge of the Court of Claims clearly has the statutory authority to do so.

**{¶19}** IT IS THEREFORE ORDERED THAT

**{¶20}** The Attorney General's June 13, 2011 decision is AFFIRMED;

**{¶21}** This claim is DENIED and judgment is rendered for the state of Ohio;

**{¶22}** Costs are assumed by the court of claims victims of crime fund.

_____
NECOL RUSSELL-WASHINGTON
Presiding Commissioner

_____
WILLIAM L. BYERS IV
Commissioner

_____
SUSAN G. SHERIDAN
Commissioner

ID #I:\Victim Decisions to SC Reporter\Panel Decisions\2012\June - Sept 2012\V2011-60590 Jones.wpd\DRB-tad

A copy of the foregoing was personally served upon the Attorney General and sent by regular mail to Cuyahoga County Prosecuting Attorney and to:

Filed 8-3-12
Jr. Vol. 2283, Pgs. 156-161
Sent to S.C. reporter 10-18-12